**Souleymane ZAGRE, Petitioner–Appellant,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent–Appellee.**

**Docket No. 05–2040–PR.**

United States Court of Appeals, Second Circuit.

Oct. 12, 2005.

Souleymane Zagre, for Appellant, pro se.

Gail Y. Mitchell, Assistant United States Attorney for the Western District of New York (Kathleen M. Mehltretter, Acting United States Attorney, on the brief), Buffalo, New York, for Appellee.

PRESENT: SOTOMAYOR, WESLEY, Circuit Judges, and BRIEANT,* District Judge.

## SUMMARY ORDER

Souleymane Zagre appeals from a April 18, 2005 judgment of the United States District Court for the Western District of New York dismissing his 28 U.S.C. § 2241 petition. We assume the parties' familiarity with the facts in the case, its relevant procedural history, and the issues on appeal.

In the district court, Zagre alleged that the Board of Immigration Appeals (BIA) erred when it failed to reopen his *in absentia* removal proceeding, sought release from custody and requested withholding of removal. During the pendency of this appeal, the REAL ID Act of 2005, Pub. L. No. 109–13, 119 Stat. 231 (amending 8 U.S.C. § 1252), took effect. Whether the REAL ID Act requires us to treat this case as an appeal from the denial of a § 2241 petition or as a petition for review remains an open question in our Circuit. We do not resolve the issue today, as we either affirm the dismissal of Zagre's § 2241 petition or deny the petition for review.

We review the merits of the denial of a § 2241 petition *de novo. See Kuhali v. Reno,* 266 F.3d 93, 99 (2d Cir.2001). For substantially the reasons set forth in the district court's April 15, 2005 order, we find no merit in Zagre's contention that the BIA erred by failing to reopen his removal proceedings.[1]

Alternatively, our review of a petition challenging an order of removal entered *in absentia* would be "confined to (i) the validity of the notice provided to the alien, (ii) the reasons for the alien not attending the proceeding, and (iii) whether or not the alien is removable." 8 U.S.C. § 1229a(b)(5)(D). Zagre was not in custody pending his removal proceeding and he received proper notice of the proceeding. In order to reopen his removal proceeding, Zagre was required to show that "exceptional circumstances" prevented him from attending his hearing. *See* 8 U.S.C. § 1229a(b)(5)(C)(i). We agree with the immigration judge's conclusion that Zagre's claim that his former attorney was ineffective was "woefully unsubstantiated and not presented in compliance with the requirements for such claims as proscribed by the Board in *Matter of Lozada,* 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988)." Reviewing Zagre's appeal as a petition for review, we thus would similarly decline to disturb the decision of the BIA refusing to reopen the removal proceedings.

For the foregoing reasons, the district court's judgment is AFFIRMED.

---

* The Honorable Charles L. Brieant, of the United States District Court for the Southern District of New York, sitting by designation.

1. We note that the district court's assumption of hypothetical jurisdiction was permissible in this case, as the challenge to jurisdiction involved statutory requirements and no constitutional issues were presented. *See Fama v. Comm'r of Corr. Servs.,* 235 F.3d 804, 816 n. 11 (2d Cir.2000).